## AS TO WHETHER A TENANT FROM MONTH TO MONTH HELD OVER.

Circuit Court of Cuyahoga County.

### H. R. CROW v. R. J. SIMMS.

Decided, June 1, 1908.

*Landlord and Tenant—Holding Over.*

Where a tenant from month to month moves out on the last day of the month, but, through the fault of his movers, some of his goods remained in the house until the next morning, there is not such holding over as to constitute him a tenant for another month.

*W. W. Wheeler* and *Howland & Niman,* for plaintiff in error. *Klein & Harris,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

When this action was begun before a justice of the peace, an attachment was issued on the ground that the claim sued upon was for necessaries, to-wit, rent for a suite of rooms in an apartment house. On appeal to the common pleas court, the attachment was dissolved.

It appears that the tenant leased from month to month. Three days before the end of his month he notified the landlord that he would move out on the last day of the month. This he proceeded to do, and removed most of his goods before night-fall of the last day, but through the fault of his mover, some of his goods remained in the apartments until about ten o'clock of the morning of the first day of the next month. The tenant and his family did not remain over the last night but slept elsewhere.

We hold that under the circumstances of this case there was not such a holding over as to constitute the defendant a tenant for another month. See cases cited under note 4 on page 406 of the 18th volume of the American & English Encyclopedia of Law. A consideration of both sides of this question may be found in *Haynes* v. *Aldrich,* 133 N. Y., 287, and *Herter* v. *Mullen,* 159 N. Y., 28.

There being no holding over, no claim for rent arose; hence no attachment as for necessaries should have been allowed. The common pleas court properly dissolved the attachment and its judgment is affirmed.